# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1574
Lower Tribunal No. 06-15728B

_____

**S.J., The Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Alvarez Barakat, Judge.

Albert W. Guffanti, P.A., and Albert W. Guffanti, for appellant.

Karla Perkins, for appellee Department of Children and Families; Sara Elizabeth Goldfarb and Samantha C. Valley (Tallahassee), for appellee Guardian ad Litem Program.

Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

S.J., Father, appeals pursuant to Fla. R. App. P. 9.130 (a)(3)(C)(x) from a July 26, 2021 order placing the minor child, S.J., in a permanent guardianship and terminating protective supervision. Specifically, S.J. alleges three bases for the appeal: (1) insufficiency of the evidence; (2) violation of due process and notice; and (3) an invalid case plan. None of the arguments support reversal.

First, S.J. alleges insufficiency of the evidence, that is, a lack of competent substantial evidence to support the case plan and amendments thereto. A.M. was sheltered from the mother in December 2017. S.J.'s paternity was not established until March 2018. A month later, the Department of Children and Families moved to supplement the adjudication of dependency and shelter order, detailing abandonment by S.J., domestic violence against Mother by S.J., and specific instances of S.J.'s violent acts.

The trial court entered a supplemental adjudication after S.J. failed to appear at his adjudicatory hearing on July 6, 2018. The record reveals that S.J. was provided a case plan and an attorney. S.J., through counsel, received notice of hearings. S.J. confirmed through his attorney that he was "a hundred percent on board" with the case plan and goal of reunification. The record shows that the trial court took evidence and

weighed the various factors, including the fact that S.J. complied—sometimes—with court requirements (and not other times).

The record reveals substantial competent evidence supporting the trial court's conclusion that despite some compliance with the case plan, S.J. did not substantially comply and the situation warranted permanent guardianship. The trial court granted permanent guardianship based on the mother's relapse and S.J.'s uncontrolled anger issues. The trial court found that S.J.'s anger issues meant S.J. failed to substantially comply with the case plan and that such lack of compliance prevented a safe reunion with the minor child at this time.

S.J. invites us to reweigh the evidence to conclude that the trial court abused its discretion in finding S.J. failed to comply with the case plan. "On challenges to the sufficiency of the evidence, this Court should affirm if the trial court's order is supported by competent substantial evidence." F.C. v. Dept. of Child. & Fams., 315 So. 3d 110, 111 (Fla. 3d DCA 2020). S.J. argues that he complied with various requirements under the plan and therefore it was an abuse of discretion for the trial court to find he did not substantially comply. However, "[i]It is within the trial court's province to weigh the evidence and make credibility determinations….Thus, this Court's review is highly deferential." Id. (internal citations and quotations

omitted); see also C.B. v. Dep't of Child. & Fams., 257 So. 3d 1078, 1081 (Fla. 4th DCA 2018) (explaining that "substantial compliance" with a case plan requires remedying the circumstances that resulted in the case plan's creation, not "mere completion of services" as outlined under the case plan). We find no legal error in the trial court's conclusion that S.J. did not substantially comply. The record provides substantial competent evidence for the trial court's findings as they pertain to S.J.

Second, S.J. challenges the shelter determination based on a due process argument. The record, and S.J.'s own arguments, belie a due process challenge. Specifically, both S.J. and his court-appointed counsel participated in proceedings, received, acknowledged, and worked under the case plan, and otherwise received all the procedural protections of notice and an opportunity to be heard. S.J. offers no case supporting a due process violation under these or similar circumstances. We see no such infirmity.

The record reveals S.J. received notice and a meaningful opportunity to be heard at all stages. S.J. recognized the parenting plans in place, litigated over them, and received notice of such. "The guarantee of due process under the Florida Constitution 'contemplates that the defendant shall be given fair notice and afforded a real opportunity to be heard and

4

defend in an orderly procedure, before judgment is rendered against him.'" B.T. v. Dep't of Childs. & Fams., 300 S. 3d 1273, 1281 (Fla. 1st DCA 2020) (quoting J.B. v. Fla. Dep't of Childs. & Fam. Servs., 768 So. 2d 1060, 1064 (Fla. 2000)).  The record, therefore, reveals no due process violation.

Finally, we find the S.J.'s argument that he did not sign a case plan unpersuasive.   S.J. acknowledged the case plan, indicated agreement through counsel, attempted to comply, and otherwise was fully aware of his obligations thereunder.  Accordingly, we deny relief based on the lack of a signature on the case plan without further comment.

Affirmed.